1  Joseph C. Rosenblit   (SBN: 131663)
   Law Offices of Joseph C. Rosenblit
2   33801 Avenida Calita
   San Juan Capistrano, CA 92675
3  Phone:  (949) 412-6666
   Fax Number:  (949) 312-2090
4  Email:  rosenblitlawyer@gmail.com
5
   Attorney for Jenny Sandoval, Plaintiff
6

7                 **UNITED STATES DISTRICT COURT**
                 **SOUTHERN DISTRICT OF CALIFORNIA**
8

9

10
   JENNY SANDOVAL,                        Case No.  **'23CV1461 JAH  WVG**
11
                                          **COMPLAINT FOR DAMAGES &**
12             Plaintiff,                  **DEMAND FOR JURY TRIAL**
                                          1. Violation of Civil Rights: Unlawful
13             Vs                           Seizure (42 U.S.C. Section 1983 –
                                           4th and 14th Amendment);
14  U.S. CUSTOMS And BORDER PROTECTION;    2. Violation of Civil Rights: Entity
   BORDER PROTECTION AGENT MANUEL         Liability (Monell Claim);
15  ACEVEDA, Badge #7143; BORDER           3. Violation of Civil Rights: Unlawful
   PROTECTION AGENT PAUL GARCIA, Badge    Arrest (42 U.S.C. Section 1983 – 4th
16  #10629; & DOES 1 TO 100                Amendment)
                                          4. False Arrest/False Imprisonment in
17  ,                                      Violation of Penal Code Section 236;
                                          5. Violation of Bane Act (Cal. Civil
18             Defendants.                 Code section 52.1);
                                          6. Intentional Infliction of Emotional
19                                         Distress;
                                          7. Negligence (Violation of Penal Code
20                                         Section 236);
                                          8. Violation of Civil Rights: Cruel and
21                                         Unusual Punishment (42 U.S.C.
                                          Section 1983 – 8th Amendment)
22

23

24

25 _____

26

27        COMES NOW PLAINTIFF JENNY SANDOVAL ("Plaintiff") in her

28 COMPLAINT FOR DAMAGES ("Complaint") against DEFENDANTS U.S. CUSTOMS and

                                   - 1 -
   ─────────────────────────────────────────────────────
                 **FIRST AMENDED COMPLAINT FOR DAMAGES**

BORDER PROTECTION; BORDER PATROL AGENT MANUEL ACEVEDA, Badge #7143;

BORDER PATROL AGENT  PAUL GARCIA, Badge #10629;  DOES 1 TO 100, inclusive

("DEFENDANTS" collectively) and allege as follows:

INTRODUCTION

1. This is a Complaint for monetary damages by Plaintiff, arising under Title 42 U.S.C. Section

1983 et seq. for numerous violations of their due process rights under the Fourth and Fourteenth

Amendments of the United States Constitution. Plaintiff also brings state law claims for which this

Court has supplemental jurisdiction.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction under Cal. Civil Code § 52.1 (Bane Act)) this Court has

supplemental jurisdiction under 28 U.S.C. § 1367(a), 28 U.S.C. §§ 1331, and 1343(a)(3)-(4)

because this action is brought to redress deprivations of constitutional rights protected by the Fourth

and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983.

3. Venue is proper in this Court because Defendants are believed to reside in this judicial district

and all incidents, events, and occurrences giving rise to this action occurred in this judicial district.

**PARTIES**

4. Plaintiff JENNY SANDOVAL (hereinafter "MS. SANDOVAL" or "Plaintiff") is a competent

woman currently living in the County of Los Angeles, State of California.

5. At all times relevant herein, Defendant U.S. CUSTOMS and BORDER PROTECTION

("Customs") was a governmental entity of the United States of America.

6. At all times relevant herein, Defendant BORDER PATROL AGENT  MANUEL ACEVEDA,

Badge #7143 ("ACEVEDA") was a border protection agent working for Customs.

7. At all times relevant herein, Defendant BORDER PATROL AGENT PAUL GARCIA, Badge

#10629 (GARCIA) was a border protection agent working for Customs.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

8. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to her. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said DOE Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9. Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

10. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. The Claim for Damages was timely served as to U.S. CUSTOMS and BORDER PATROL on or around 02/05/2023.  Said claim was denied expressly and/or as a matter of law.

**FACTS COMMON TO ALL CAUSES OF ACTION**

12.      On September 1, 2021, 11:00 pm Jenny V. Sandoval arrived in Tijuana, Mexico from Cancun, Mexico from vacation. She and her family began to walk to the CBX transfer bridge to San

- 3 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Diego, CA. At the Border Patrol check stop all of Jenny's family passed through until Jenny was stopped for a secondary check. The second border patrol officer asked Jenny for her identification card and social security number. He already had her passport in his possession.

13.     The second border patrol officer took Ms. Sandoval's fingerprints and questioned Ms. Sandoval about a crime she committed in 2007. She denied committing any crime at any time in her life. Jenny Sandoval questioned under which name this warrant was that she was being accused because her last name in 2007 was Bernal, not Sandoval. The border patrol officer told Ms. Sandoval that the crime happened under Jenny Bernal. He let her know two officers were on their way to question her further. Plaintiff tried to show emails proving when she changed names.

14.     Two female officers approached Ms. Jenny Sandoval and led her to a back room where they searched her.  She was not questioned further. During the search, they took her shoelaces. As agents walked her back to the sitting area of the border patrol area her purse was checked, and she was asked if she had any money in her purse. She told them she had a $100 bill in her small purse. The officer took the money out and put it in her pocket. They then asked her to sit down, and a handcuff was placed on the chair and her ankle.

15.     The purse was released to Ms. Sandoval's husband and then she was asked to wait for another two officers. When two Sheriff officers arrived, they handcuffed her and then walked Ms. Jenny Sandoval to the back room again and fingerprinted her. Ms. Sandoval made the officers aware that this was a mistake.

16.     Ms. Sandoval asked them to please review the data again because this has to be a mistake. The officers asked Ms. Sandoval if her name was Jennifer Sandoval. She told them "No my name is Jenny Veronica Sandoval". They told her it doesn't matter because she is known as various alias. Jenny V. Bernal, Jenny V. Sandoval, Jenny Veronica Sandoval, and Jennifer Sandoval. She told them she had never referred to herself as Jennifer and nobody had ever referred to herself as

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Jennifer. They told her "It doesn't matter."  She was then handcuffed and placed in a transport vehicle.

17.     When they arrived at El Cajon Sheriff station she was walked inside and asked to sit down to wait. A nurse behind the counter asked her to step forward. She was asked to take a urine sample for a pregnancy test. She was asked if she was under the influence of any drugs, if she has any sexually transmitted diseases and if she was pregnant. She was asked if she was interested in getting a Covid vaccine and test. She made them aware she was already vaccinated, and she had just taken a Covid vaccine on August 31, 2021. She was asked to sign paperwork that stated she refused a vaccine and test.

18.     The name on the paperwork was Jennifer Sandoval. Plaintiff made the nurse aware that her name is Jenny V. Sandoval and not Jennifer Sandoval. The nurse asked someone else about the error and she told Ms. Sandoval "it doesn't matter." She was made to sign the paperwork.  She was then asked to stand on a device that would take a full body X-ray.

19.     A female sheriff officer asked Ms. Sandoval to stand against the wall and she was searched and asked to remove her shoes and socks. She was given some plastic sandals in place of her shoes. The sheriff/officer told Ms. Sandoval to have a seat and not get up unless it was to go to the bathroom or place a phone call. She was also told if she had any questions to raise her hand and not walk up to the counter. Ms. Sandoval proceeded to take a seat.

20.     Ms. Sandoval placed a call to her husband. Mr. Sandoval told Ms. Sandoval he was in the process of trying to get bail to get her out. Ms. Sandoval sat down until she was called in to take a TB X-Ray test and to take fingerprints. She was asked to sit down again.

21.     Hours later a male Sheriff officer asked Ms. Sandoval to come up to the counter. He asked her to state her full name, what was the highest level of education she received, and for her ID number. Ms. Sandoval complied with all the questions and sat down.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

22.     Ms. Sandoval was feeling stressed and anxious, so she called her husband to see if the bail had gone through. Mr. Sandoval let her know that the people in charge of posting bail were just waiting for the Sheriff Station to release paperwork so bail would be available to post.

23.     Ms. Sandoval waited for hours and raised her hand to ask a question. A female sheriff looked at her and did not acknowledge her arm was up.  Ms. Sandoval waited until a sheriff/officer walked close enough so she could ask a question. She asked the officer if she knew how long it would take for her bail to go through. The female officer said, "I don't know, everyone here is waiting on the same thing!"

24.     At about 7:00 am September 2, 2021, Ms. Sandoval was called up to be released. She walked outside all the way to the front of the police station. She was asked to sit down and wait to be called. When she was called, she was handed a paper bag with her shoes and socks. She was then called to the window where she was given paperwork that stated her bail amount receipt and given her court date and place. She was given all her items back except for her cash money. In place of the $100 bill, she was given a debit card.

25.     It was later learned that once the U.S. BORDER PATROL deputies had misidentified the plaintiff, her processing and jailing was an extension of that initial misidentification as the U.S. BORDER PATROL depends on the San Diego County law enforcement and imprisonment processes to complete the arrest and imprisonment of a given suspect. It was further learned that San Diego law enforcement did research if they had the right person but by the time they learned of the mistaken identity, the plaintiff had been released on bail.

26.     The next day Ms. Sandoval acquired a lawyer to help her settle her mistaken identity. On September 13, 2021, Ms. Sandoval and her lawyer were present at the San Fernando Courthouse. The prosecution and the judge agreed that the person under this warrant was not the person present.

- 6 -
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   Ms. Sandoval was given paperwork, certified by the court, that she is not the person under this

2   warrant and should not be arrested for it.

3   27.      Ms. Sandoval was detained in front of her two children. The children, along with Mr.

4   Sandoval, spent the entire night until Jenny Sandoval was released in the car as they could not get a

5   hotel room that night. The bail amount was $20,000 of which Mr. Sandoval paid $2000 which was

6   nonrefundable. The children missed two days of school because of this incident and still have not

7   come to terms with what occurred.  In addition, Ms. Sandoval has missed work and has been in

8   therapy to try and deal with the trauma this has caused.

9

10                                    **FIRST CAUSE OF ACTION**

11            (By Plaintiff JENNY SANDOVAL Against Defendants for Violation of Civil

12            Rights: Unlawful Seizure (42 U.S.C. Section 1983 – 4th and 14th Amendment)

13   28. Plaintiff repeats and realleges each allegation in paragraphs 1 through 27 of this Complaint with

14   the same force and effect as if fully set forth herein.

15

16   29. This cause of action is set forth herein to redress the deprivation, under color or statute,

17   ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or

18   immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States.

19   30. Upon information and belief, Defendants obtain a warrant for the arrest of someone with the

20   name, Jennifer Sandoval elsewhere in the State of California.

21   31. Without confirming any identification information, Defendants arrested Plaintiff.

22   32. Defendants did not confirm Plaintiff's driver's license, social security number, date of birth,

23   age, or any other information for time while she was held first at the CBX transfer bridge from

24   Tijuana to San Diego, CA and then at the El Cajon Jail.

25   33. Plaintiff adamantly informed the officers that this was a case of mistaken identity and requested

26   that they check her driver's license and other evidence that would have cleared things up.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

34. As a result of the Defendants' refusal to take the correct steps that would have clarified her identification, Plaintiff was wrongfully arrested in violation of her Fourth Amendment rights. The officers arrested Plaintiff (1) without probable cause and (2) without confirming her identity which would have revealed to the officers that Plaintiff did not have any warrants against her.

35. Plaintiff has suffered general and monetary damage as well as emotional injury and mental anguish in an amount according to proof at trial.

**SECOND CAUSE OF ACTION**

(By Plaintiff JENNY SANDOVAL against Defendants for

Violation of Civil Rights: Entity Liability (Monell Claim)

36. Plaintiff repeats and realleges each allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37. At all times herein mentioned, Defendants acted with deliberate indifference, and conscious and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff, including the right to be free from unreasonable searches and seizures and the right to be free from unlawful discrimination, instituted policies that permitted the constitutional violations as alleged herein.

38. Among other things, Defendants failed to adequately train and supervise DOE Officers in their arrest of individuals with common names. Investigations such as the one involving Plaintiff requires attention to the arrest warrant, Plaintiff's driver's license, passport, date of birth, physical appearance, social security number, and any other information that would show that Plaintiff was not wanted for arrest anywhere. Reasonable measures should have been taken to determine whether Plaintiff was the correct person wanted for arrest or whether Plaintiff was the exact person listed in the warrant.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

39. As a direct and proximate result of the foregoing, Plaintiffs sustained injury and damage as alleged above, in a sum according to proof. Plaintiffs do not seek punitive damages under this claim for relief because the entity has immunity as to such damages.

**THIRD CAUSE OF ACTION**

(By Plaintiff JENNY SANDOVAL Against All Defendants for Violation of Civil Rights:

Unlawful Arrest (42 U.S.C. Section 1983 – 4th Amendment))

40. Plaintiff repeats and realleges each allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

41. Said Defendants obtained an arrest warrant for a woman by the name of Jennifer Sandoval elsewhere in the State of California.

42. Defendants then proceeded to arrest plaintiff even though a driver's license, date of birth, social security number, or any other information which would show that Plaintiff did not have any warrants for her arrest at any time.

43. As a result of Defendants' refusal to verify Plaintiff's correct identity she was wrongfully arrested in violation of her Fourth Amendment rights. The officers arrested the Plaintiff without any probable cause. Plaintiff has suffered general and monetary damage as well as emotional injury and mental anguish in an amount according to proof at trial. On information and belief, Defendants, and individual Officer, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages as to the individual defendants, in the sum of an amount according to proof for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**FOURTH CAUSE OF ACTION**

(By Plaintiff JENNY SANDOVAL Against All Defendants for

False Arrest/False Imprisonment (Penal Code Section 236))

44. Plaintiff repeats and realleges each allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45. On or about September 1, 2021, Defendants, and DOE Officers, acting in the course and scope of their employment with Defendants, executed an arrest warrant on Plaintiff when she was arriving in San Diego from her family trip to Mexico.

46. The warrant executed by said Defendants was illegitimate because the warrant was not for Plaintiff. Defendants failed to confirm any information about Plaintiff which would have established that she was not the person identified in the warrant and has never committed any crime. The Defendants and each of them knew or should have known that the warrant was not for Plaintiff.

47. As a result of the execution of this warrant, Plaintiff was wrongfully arrested in violation of her civil rights. Due to the actions of Defendants and each of them in violating Plaintiff's civil rights, Plaintiff has suffered emotional injury and mental anguish in a sum according to proof at trial.

48. At all times herein alleged Plaintiff had committed no crime. Defendants, and each of them, had no probable cause to believe that Plaintiff had committed a crime.

49. On information and belief, Defendant DOE Officers, and each of them, acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against the individual defendants in a sum according to proof for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

///

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**FIFTH CAUSE OF ACTION**

(By Plaintiff JENNY SANDOVAL Against ALL Defendants for

Violation of Cal. Civil Code § 52.1 (Bane Act))

50. Plaintiff repeats and realleges each allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. All Defendants, including but not limited to Defendant DOE Officers, acted violently against Plaintiff to prevent Plaintiff from exercising her right to be free from unlawful arrests.

52. All Defendants are directly and/or vicariously liable for the actions that caused Plaintiff's injuries.

53. As a result of the execution of these false warrants, Plaintiff suffered damages due to the wrongful and unlawful arrest, in violation of her civil rights under this section. For the damages caused by Defendants, Plaintiff seeks statutory damages under Civil Code section 52, or in any amount according to proof at the time of trial.

54. On information and belief, Defendants and DOE Officers, and each of them, acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Plaintiff is entitled to an award of punitive damages against the individual defendants according to proof at the time of trial for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

**SIXTH CAUSE OF ACTION**

(By Plaintiff JENNY SANDOVAL Against All Defendants for

Intentional Infliction of Emotional Distress)

55. Plaintiff repeats and realleges each allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56. The conduct of Defendants and each of them was outrageous conduct.

- 11 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

57. Defendants and each of them wrongfully and unlawfully arrested Plaintiff in public at the CBX transfer bridge to San Diego, without confirming her identity. Defendants acted on an illegitimate warrant, which was not for Plaintiff, as Plaintiff had never committed any crime.

58. Defendants and each of them then held Plaintiff at the border and directly caused her to be held in jail for more than seven hours, during which time, Plaintiff was forced to be detained, be tested, share a cell, share toilet paper, and soap with strangers.

69. As a direct result of the conduct of Defendants, Plaintiff was caused to suffer severe emotional distress in an amount according to proof at the time of trial. Defendants intended that Plaintiff suffer emotional distress and/or acted with reckless disregard for the likelihood that Plaintiff would suffer severe emotional distress because of the Defendants' conduct.

60. Defendant Officers acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

## SEVENTH CAUSE OF ACTION

(By Plaintiff JENNY SANDOVAL Against All Defendants for Negligence

(Violation of Penal Code Section 236))

61. Plaintiff repeats and realleges each allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62. In violation of Penal Code Section 236, Defendants, and each of them, wrongfully and illegally arrested Plaintiff as explained herein.

63. Defendants failed to act with reasonable care in their actions toward Plaintiff and were incompetent to investigate whether Plaintiff had a warrant for her arrest elsewhere in California.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

64. As a result of the execution of the illegitimate warrant, Plaintiff has been injured substantially as set forth above.

65. The negligence of Defendants in training, hiring, and/or supervising and/or retaining Defendant Officers as well as DOE Officers was also a substantial factor in causing Plaintiff's harm.

66. As a direct result of the conduct of Defendants, Plaintiff was caused to suffer severe emotional distress in an amount according to proof at the time of trial. Defendants intended that Plaintiff suffer emotional distress and/or acted with reckless disregard for the likelihood that Plaintiff would suffer severe emotional distress because of Defendants' conduct.

**EIGHTH CAUSE OF ACTION**

(By Plaintiff JENNY SANDOVAL Against All Defendants for Violation of

Civil Rights: Cruel and Unusual Punishment (42 U.S.C. Section 1983 – 8th Amendment))

67. Plaintiff repeats and realleges each allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68. Plaintiff was deprived rights under the Eight Amendment to the Constitution when she was wrongfully arrested and forced to stay at El Cajon Jail for many hours.

69. Plaintiff was wrongfully arrested when Defendants and each of them mistook Plaintiff for another woman who had a warrant for arrest elsewhere in the State of California.

70. Plaintiff was the wrong woman, nor has she ever committed any crime in any state in the United States of America.

71. Defendants held Plaintiff against her will without any confirmation that there was any warrant for her arrest.

72. Plaintiff was forced to endure great fear and anxiety for the time she was detained.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

73. Defendants' failure to take reasonable steps to correctly identify her caused Plaintiff extreme stress, anxiety, mental anguish, and emotional distress.

74. Defendants forced Plaintiff to endure great fear and anxiety while she was in the Jail in El Cajon which she should have never been subjected to because Plaintiff is an innocent woman.  Defendants failed to use reasonable care in identifying Plaintiff. As an innocent woman, any stay in jail is cruel and unusual as Plaintiff should have never been arrested.

75. As a result, Plaintiff has suffered general and monetary damage as well as emotional injury and mental anguish in an amount according to proof at trial. On information and belief, Defendants and DOE Officers, and each of them, acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages, in the sum of an amount according to proof for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:
1. For compensatory and special damages in an amount according to proof at trial;
2. For cost of suit incurred herein;
3. For attorneys' fees incurred herein, as provided by law;
4. For punitive damages against the individual defendants in an amount to be proven at trial;
5. For interest;
6. For mental, emotional, physical past, present, and future pain and suffering; and
 7. For such other and further relief as the Court may deem just, proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Dated: August 7, 2023,                               /s/      *JOSEPH C. ROSENBLIT*

_____
JOSEPH C. ROSENBLIT
Attorney for the Plaintiff

**FIRST AMENDED COMPLAINT FOR DAMAGES**