UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY SANDOVAL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:23-cv-1461-JES-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 5]** |

　　Before the Court is Defendant United States Custom and Border Protection's ("United States") Motion to Dismiss Plaintiff's Complaint. ECF No. 5. The motion was filed on November 30, 2023, and a hearing date was set for January 17, 2024. *Id.* Pursuant to Civil Local Rule 7.1.e.2, Plaintiffs' opposition or statement of non-opposition was due for filing no later than January 3, 2024. *See* CivLR 7.1.e.2 ("[E]ach party opposing a motion, application or order to show cause must file that opposition or statement of non-opposition with the Clerk and serve the movant or the movant's attorney not later than fourteen (14) calendar days prior to the noticed hearing.") As of the date of this order, Plaintiff has not filed an opposition or statement of non-opposition. Instead, Plaintiff filed a First Amended Complaint on January 11, 2024, well past the

time allowed under Federal Rule of Civil Procedure 15(a)(1)(B). ECF No. 7. The Court struck the amended complaint since it was improperly filed. ECF No. 8. Plaintiffs' failure to oppose the motion "may constitute a consent to the granting" of Defendants' motion. CivLR 7.1.f.3.c. Moreover, Plaintiffs' failure to comply with the requirements of Civil Local Rule 7.1 may be grounds for dismissal of this action. CivLR 41.1.b. Based on Plaintiff's failure to comply with the local rules, the Court will **DISMISS** this matter, however, the Court will address the merits of the motion. The United States moves to dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## I. BACKGROUND

On September 1, 2021, at 11:00 p.m., Plaintiff entered the United Sates from Tijuana, Mexico. Compl. ¶ 12. While entering, Plaintiff alleges that Border Patrol agents informed her that a warrant existed for her arrest. *Id.* at ¶ 13. As a result of the warrant, Plaintiff was detained and eventually arrested by two deputies from the San Diego County Sheriff's Department. *Id.* at ¶ 15. Plaintiff was released from custody on September 2, 2021, at 7:00 a.m. Compl. ¶ 24. Plaintiff alleges that she was misidentified by Border Patrol agents and her arrest would not have occurred had Border Patrol agents not misidentified her. *Id.* at ¶ 25. Plaintiff seeks damages for emotional injury and mental anguish. Compl. ¶ 35.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a dismissal of an action when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. Pro. 12(b)(1). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* In resolving a factual attack on jurisdiction, the district court may review evidence

beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.* Once the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Id.* The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or

"unadorned, the defendant-unlawfully-harmed me accusation[s]" falls short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

### III.  LEGAL ANALYSIS

The United States mounts a jurisdictional challenge reflecting a factual attack on the existence of subject matter jurisdiction, arguing inter alia, that Plaintiff failed to exhaust her administrative remedies pursuant to 28 U.S.C. § 2675(a). Further, the United States argues that even if the Court had jurisdiction, Plaintiff's complaint should be dismissed because the United States has not waived its sovereign immunity for constitutional torts and is not subject to suit under 42 U.S.C. § 1983. The Court agrees.

#### A. Subject Matter Jurisdiction

The United States, as sovereign, is immune from suit, absent a limited waiver created by Congress as outlined in the Federal Torts Claims Act ("FTCA"). The Supreme Court has stated, because Congress created a limited waiver of sovereign immunity in the FTCA, "the United States simply has not rendered itself liable under section 1346(b) for constitutional torts claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). A claim is actionable under section 1346(b) if it alleges that the United States would be liable as a private person in accordance with the law of the place where the act or omission occurred. *Id.* at 477 (citation omitted). To bring a claim under the FTCA, a plaintiff must first submit an administrative claim to the appropriate agency. 28 U.S.C. § 2675(a). Only if the administrative claim is not disposed of within six months or "finally denied by the agency" may a plaintiff sue in district court. *Id.*

Here, the United States submitted a declaration that a search of the computerized database of the U.S. Customs and Border Protection's official records of administrative tort claims filed nationwide was conducted. *See* Declaration of Diana Mondragon at ¶¶ 1-4. The names "Jen Sandoval," "Jenni Sandoval," "Jenny Sandoval," and "Jennifer Sandoval," were included in the search for any administrative tort claims that were filed. *Id.* As of November 17, 2023, the database did not indicate that an administrative tort claim was received by U.S. Customs and Border Protection on behalf of anyone using

any of the aforementioned names. *Id.* at ¶ 3. Further, Ms. Mondragon stated that "if an administrative tort claim had been filed by or on behalf of Jenny Sandoval, receipt of such should have been reflected in [U.S. Customs and Border Protection's] database and the claim should have been available … to review." *Id.* at ¶ 4. Based on this, the United States argues that Plaintiff failed to file an administrative tort claim with U.S. Customs and Border Protection as required by 28 U.S.C. § 2675(a).

In the complaint, Plaintiff alleged exhaustion of administrative remedies by stating "a claim for damages was timely served as to U.S. CUSTOMS and BORDER PATROL on or around 02/02/2023. Said claim was denied expressly and/or as a matter of law." Compl. ¶ 11. In considering a factual attack, "[a] plaintiff is not entitled to any presumptions o[f] truthfulness with respect to the allegations in the complaint, and instead must present evidence to establish subject matter jurisdiction." *Cannon v. Harco Nat'l Ins. Co.*, No. 09cv26-MMA(JMA), 2009 WL 10725673, at *2 (S.D. Cal. July 16, 2009) (citing *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). As mentioned above, Plaintiff never filed a response to this motion and thus never presented any evidence to prove that Plaintiff filed an administrative tort claim with U.S. Customs and Border Protection. Plaintiff's failure to respond speaks volumes.

Plaintiff's failure to comply with the pre-filing mandates of the FTCA deprives the Court of jurisdiction. *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985). Therefore, the Court **GRANTS** the motion dismiss for lack of subject matter jurisdiction. Since the Court lacks subject matter jurisdiction, the Court declines to address Defendant's remaining arguments.

**B. Whether Plaintiff Should be Granted Leave to Amend**

Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and

sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (overruled on other grounds). Thus, leave to amend should be denied where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *New v. Armour Pharm. Co.*, 67 F.3d 716, 722 (9th Cir. 1995) (overruled on other grounds).

As Defendants note, claims under the FTCA must be brought within two years from the date of accrual. *See* 28 U.S.C. § 2401 ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.") All of Plaintiff's claims emanate from the alleged misidentification on September 1, 2021, more than two years ago. At this point, all claims are untimely and any attempt to initiate the administrative process at this stage would be futile. For that reason, the case is **DISMISSED with prejudice** against all Defendants.[1]

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss **with prejudice** against all Defendants due to lack of subject matter jurisdiction for failing to exhaust administrative remedies.

**IT IS SO ORDERED.**

Dated: February 16, 2024

Honorable James E. Simmons Jr.
United States District Judge

---

[1] Agencies and employees of the United States are not proper defendants under the FTCA. *Kennedy v. United States Parcel Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). According to Plaintiff's complaint, the individual Border Patrol agents allegedly involved in her misidentification and arrest were "acting within the scope of [their] agency [and] employment" at all relevant times. Compl. ¶ 10. The FTCA precludes the liability of federal employees sued in their individual capacities for torts committed while acting within the scope of their employment. 28 U.S.C. § 2679(b)(1).